THE CITY OF NEW YORI
LAW DEPARTMEN
100 CHURCH STREET
NEW YORK, NY 10007

STEVEN BANKS
*Corporation Counsel*

City Defendants' motion for a teleconference is DENIED without prejudice. Based on the Court's review of the discovery disputes, the issue regarding depositions does not yet seem ripe for the Court's review.

To that end, the parties are directed to meet and confer regarding this dispute by **August 13, 2026**. To the extent that the parties have unresolved issues, by **August 20, 2026**, they may file letter briefing with the Court in accordance with this Court's individual rules.

JENNIFER E. WILLIS
United States Magistrate Judge
August 5, 2026

**By ECF**
Hon. Jennifer E. Willis
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Ardrey et al. v. The City of New York et al.*
22-CV-10660 (AT)(JW)

Dear Judge Willis :

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney for the City of New York and Mayor Bill De Blasio ("City Defendants") in the above-referenced action. The City Defendants submit this letter-motion to respectfully request a premotion discovery conference in accordance with Local Rule 37.2, or should the Court feel as though a conference is not necessary, ask that the Court resolve a discovery dispute, in accordance with your Honor's Individual Practices II(A). The discovery dispute arises from the City's objection to Plaintiffs' notices of deposition for two individuals, Vincent Schiraldi, former Commissioner of the New York City Department of Correction ("Commissioner Shiraldi"), and Kenneth Stukes, former Chief of Department of the New York City Department of Correction ("Chief Stukes").

On July 10, 2026, Plaintiffs emailed the undersigned a packet of nine notices of deposition, including three directed towards the City Defendants, seeking the depositions of 1) Commissioner Schiraldi, 2) The City of New York, and 3) Chief Stukes. *See* Exhibit A. On July 17, 2026, the parties met and conferred via a telephone conference call regarding perceived discovery deficiencies, and to discuss Plaintiffs' notices of deposition. In attendance was the undersigned; Plaintiffs' attorneys Leo Glickman, from Stoll, Glickman, and Bellina, LLP, and Jason Leventhal, from the Leventhal Law Group; and Joseph Shmulewitz from Heidell, Pittoni, Murphy & Bach, LLP, on behalf of the New York City Health and Hospitals Corporation. At the meet and confer on July 17, 2026, the City Defendants objected to the notices of deposition for Commissioner Schiraldi and Chief Stukes.

By email dated July 23, 2026, Plaintiffs attempted to compromise by proposing to revise their notices of depositions. *See* Exhibit B. Plaintiffs still seek to depose Commissioner Schiraldi (although willing to withdraw Chief Stukes' notice of deposition contingent upon other discovery). The City Defendants maintain their objection to producing either Commissioner Schiraldi or Chief Stukes based upon the Apex Doctrine. It would be unduly burdensome to produce high-ranking City officials for deposition, and there is no indication that the information sought could not be obtained via other discovery or depositions of lower rank officials.

It is well-settled that high-ranking government officials – such as a Commissioner and Deputy Commissioner – should not be called for a deposition unless a party can show "exceptional circumstances" for such deposition. *Khan v. New York City*, 2024 U.S. Dist. LEXIS 209221, at *17 (E.D.N.Y. 2024) (quoting *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013)). The movant must show: (1) "that the official has unique first-hand knowledge related to the litigated claims" or (2) "that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman*, 731 F.3d at 203 (affirming protective order barring deposition of the mayor and former deputy mayor); s*ee also Bogart v. City of N.Y.*, 2015 U.S. Dist. LEXIS 113311, at *23-24 n.12 (S.D.N.Y. 2015). (warning plaintiff that "because the City Officials would appear to have no unique personal knowledge relevant to the remaining issues in this case, the Court is strongly disinclined to permit their depositions"); *Moriah v. Bank of China Ltd.*, 72 F. Supp. 3d 437, 440-41 (S.D.N.Y. 2014) (granting motion to squash subpoena because plaintiffs could not demonstrate exceptional circumstances that would allow a deposition of the former Majority Leader and could not establish that he had unique first-hand knowledge); *Murray v. County of Suffolk*, 212 F.R.D. 108, 110 (E.D.N.Y. 2002) (precluding deposition of Police Commissioner where there was nothing to suggest that the information sought was unavailable from other sources). A showing of exceptional circumstances is required because "it is 'not the function of [a] court to probe the mental processes of agency decisionmakers'… 'and because allowing such depositions would interfere with the functioning of the Executive Branch.'" *Khan*, 2024 U.S. Dist. LEXIS 209221, at *17-18 (quoting *United States v. Morgan*, 313 U.S. 409, 422 (1941); *Lederman*, 731 F.3d at 202-203).

This test is not satisfied by merely showing that the testimony will yield relevant evidence, which Plaintiff has not even established in this case. Rather, Plaintiff must show that the evidence sought is *unique* to the high-ranking official and that the evidence sought must be essential to Plaintiff's case. *See Richmond Boro Gun Club, Inc. v. City of New York*, 1992 U.S. Dist. LEXIS 15983, at *3-5 (E.D.N.Y. 1992) (distinguishing between relevant and essential testimony). Nor is this test satisfied even where the high-ranking official was the ultimate decision maker. *See* I*n re N.Y. City Policing During Summer 2020 Demonstrations*, 677 F. Supp. 3d 206, 208 (S.D.N.Y. 2023) (citing *Boggs v. Town of Riverhead*, 2020 U.S. Dist. LEXIS 70133, at *9 (E.D.N.Y. 2020)).

Plaintiffs cannot establish the exceptional circumstances necessary to depose Commissioner Schiraldi or Chief Stukes because they cannot show that they have "unique first-hand knowledge" of information related to Plaintiff's claims. During the meet and confer, Plaintiffs insisted that these individuals presumably have information regarding decision making and policies that they allege violated the decedent's rights to sustain their *Monell* claims. The

undersigned noted that any policies, practices, or customs can be learned of, and established, through various other routes of discovery, much of which has been exchanged already. Furthermore, the Plaintiffs seek a deposition of the City of New York, at which point the City Defendants intend to produce an individual who can testify as to the policies and practices which were in place at the time of decedent's death. The Complaint fails to identifying any personal involvement of Commissioner Schiraldi and Chief Stukes, furthermore, it fails to name either as a party. Plaintiffs' justification for seeking these depositions is solely based on that they "'should have' personal knowledge based on their roles," such claim is "speculative." *Khan*, 2024 U.S. Dist. LEXIS 209221, at *21 (denying ability to depose former commissioner and current deputy commissioner).

Additionally, neither Commissioner Schiraldi nor Chief Stukes are the best individuals to produce regarding the Plaintiffs' state claims of wrongful death and negligence, there are other Department of Corrections employees who may have first-hand knowledge of the relevant events. These individuals have direct knowledge of Plaintiff's claims. *See*, *e.g.*, *Capogrosso v. Gelbstein*, 2023 U.S. App. LEXIS 30077, at *3 (2d Cir. 2023) (affirming protective order precluding deposition where party received responses via interrogatories); *Lederman*, 731 F.3d at 203 (depositions of high-ranking officials was not justified where plaintiffs failed to show "that the relevant information could not be obtained elsewhere"); *Murray v. Cty. of Suffolk*, 212 F.R.D. at 110 (denying deposition of police commissioner where the plaintiff deposed other employees).

Based on the foregoing, Plaintiffs cannot establish the requisite exceptional circumstances that would warrant taking the depositions either of Commissioner Schiraldi or Chief Stukes. As such, the City Defendants request a conference, at a date and time most favorable to your Honor. Alternatively, should the Court find a conference unnecessary, the City Defendants respectfully request that the Court issue a protective order precluding their depositions. *See* Fed. R. Civ. P. 26(c)(1)(A)-(B), (D) (court may enter an "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which order can include forbidding disclosure or discovery, specifying terms for disclosure or discovery, and "limiting the scope of disclosure or discovery to certain matters"). I thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/

Luke T. Sheridan
Assistant Corporation Counsel

**<u>Via ECF</u>**
Counsel for Plaintiffs
Counsel for Defendant NYC HHC